IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CONTEMPO INDUSTRIES, INC., | ) | CASE NO. 2005 B 77875 |
| | ) | |
| Debtor. | ) | |

## FINAL ORDER

THIS MATTER coming before the Court on final notice for the Debtor's Emergency Motion for Court Approval to Increase Credit Limit Stated in Master Purchase and Sale Agreement attached to January 4, 2006 Order Authorizing Debtor to Enter into Post-Petition Factoring Agreement and to Factor Accounts Receivable, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The instant Motion is an emergency matter pursuant to Local Bankruptcy Rule 5096-1.

2. The Debtor's Emergency Motion for Court Approval to Increase Credit Limit Stated in Master Purchase and Sale Agreement attached to January 4, 2006 Order Authorizing Debtor to Enter into Post-Petition Factoring Agreement and to Factor Accounts Receivable is heard and granted as a Final Order.

3. The December 29, 2005 Master Purchase and Sale Agreement executed between the Debtor and Bibby Financial Services, Inc. attached to this Court's Order of January 4, 2006 is hereby modified consistent with the terms of the Amendment to Master Purchase and Sale Agreement attached hereto as Exhibit "A".

4. This is a Final Order.

DATED: AUG - 9 2006

_____
JUDGE MANUEL BARBOSA

JASON H. ROCK
6833 Stalter Drive
Rockford, IL 61108
(815) 962-6611

## AMENDMENT TO MASTER PURCHASE AND SALE AGREEMENT

This Amendment ("Amendment") dated July 13, 2006, 2006 is attached to and incorporated by this reference into that certain Master Purchase and Sale Agreement dated December 30, 2005 by and between Bibby Financial Services (Midwest), Inc. ("BFS") and Contempo Industries, Inc. (the "Seller") as Debtor-in-Possession pursuant to Case No. 2005 B 77875 pending in the United States Bankruptcy Court, Northern District of Illinois Western Division (the "Bankruptcy Case"). Capitalized terms used herein but not defined herein shall have such meaning as ascribed to such terms in the MPSA (as hereinafter defined).

R E C I T A L S:

WHEREAS, on or about December 30, 2005, Seller and BFS entered into a Master Purchase and Sale Agreement providing for the sale of certain Accounts by Seller to BFS, together with documents ancillary thereto (the "MPSA")

WHEREAS, on January 04, 2006 an order was entered in the Bankruptcy Case authorizing Seller to enter into the MPSA.

WHEREAS, the MPSA provides for a Maximum Credit Facility of Eight-Hundred Thousand Dollars ($800,000) and an Advance Rate of eighty-five percent (85%).

WHEREAS, Seller has requested BFS increase the Maximum Credit Facility to One Million Dollars ($1,000,000) and increase the Advance Rate to allow for a ninety-percent (90%) cash advance from BFS; and BFS, subject to the satisfactory completion of its due diligence and an order in the Bankruptcy Case approving this Amendment, is willing to so increase the Maximum Credit Facility and Advance Rate.

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and conditions herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Recitals. The foregoing recitals are by this reference incorporated herein.

2. Amendments to the Agreements. The MPSA is hereby amended as follows:

    2.1. The definition of Maximum Credit Facility shall be One Million Dollars ($1,000,000).

    2.2 The definition of Advance Rate shall be Ninety Percent (90%)

3. Ratification of MPSA. Except as specifically amended hereby, the parties agree that the MPSA shall remain in full force and effect and is hereby ratified, approved and confirmed in all respects. From and after the effective date hereof, each reference in the MPSA to "this Agreement", "hereof", or "hereunder" or words of like import, and all references to the MPSA in any and all agreements, instruments, documents, notes, certificates and other writings of every kind and nature shall be deemed to mean such MPSA as ratified by this Amendment.

Seller Initials _____
BFS Initials _____

4.  **Effective Date.**  This Amendment shall become effective on the date of an order approving this Amendment entered in the Bankruptcy Case. BFS shall be under no obligation to increase the funds available pursuant to the increase of the Maximum Credit Facility or under the increase Advance Rate as provided herein until final internal approval subject to the results of its due diligence and audit of Seller.

5.  **Governing Law.**  This Amendment shall be governed by, and construed in accordance with the internal laws (and not the law of conflicts) of the State of Illinois.

6.  **Execution in Counterparts.**  This Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

IN **WITNESS WHEREOF**, the undersigned have executed this Amendment as of the date first above written.

BIBBY FINANCIAL SERVICES (MIDWEST), INC.    CONTEMPO INDUSTRIES, INC.

By: *[signature]*    By: *[signature]*
MELISSA BANES
Its: VP OF OPERATIONS    Its: